# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:13-cr-00255-WSD-2 |
| PAUL TRAMMELL MOORE, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Paul Trammell Moore's ("Defendant") *pro se* Motion to Terminate Fine [3] ("Motion").[1]

**I. BACKGROUND**

On July 19, 2007, Defendant was sentenced in the United States District Court for the Eastern District of Wisconsin to one hundred forty-four (144) months incarceration with five (5) years of supervised release, after being found guilty by a jury of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. ([1.3]). The Court imposed a fine of $12,000.00. (Id. at 5).

---

[1] In his Motion, Defendant references his restitution and fine obligation. The sentencing court in the Eastern District of Wisconsin did not impose a restitution obligation on Defendant in this case. (See [1.3] at 5). The Court treats Defendant's Motion only as a request to terminate his fine.

On June 14, 2013, this Court accepted jurisdiction of this matter and the case was transferred to the United States District Court for the Northern District of Georgia. ([1]).

On March 17, 2017, Defendant filed his *pro se* Motion to Terminate Fine. Defendant states that he has paid over ninety (90) percent of his fine obligation and requests that the Court excuse the remaining balance. (Mot.). Defendant states that he has recently been making "triple" payments toward his fine, but that his wife is not working and his "job is slow." (Id.).

On April 6, 2017, the Government filed its Response in Opposition to Defendant's Motion [6]. The Government states that the Court should deny the Motion because the Court lacks jurisdiction to dismiss the remaining fine balance. The Government argues that the dismissal of the remaining fine balance would constitute a modification to the sentence, which the Court is not authorized to do in this situation. The Government also included Defendant's payment history toward his fine. ([6.2]). As of March 31, 2017, there is a balance of $3,013.23 remaining on the fine. (Id.).

## II. DISCUSSION

### A. Legal Standard

The Court is permitted to modify a Defendant's sentence, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582 ("Section 3582"). United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The Court lacks "inherent power" to re-sentence a defendant. Id. at 1196–97.

Section 3582 authorizes the modification of a sentence

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35[2] expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).

"A fine is an independent part of a defendant's sentence," and is not a condition of supervised release. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011). A district court does not have the authority to modify or dismiss a fine under 18 U.S.C. § 3583 which "allows a district court, in certain instances, to

---

[2] Rule 35 authorizes a sentence modification "[w]ithin 14 days after sentencing" to correct "arithmetical, technical, or other clear error" or, on the government's motion, to account for certain "substantial assistance." Fed. R. Crim. P. 35(a)–(b).

modify, reduce, or enlarge the conditions of supervised release." United States v. Morales, 328 F.3d 1202, 1204 (9th Cir. 2003) (internal quotations omitted). A district court may modify the payment schedule of a fine upon notice from a defendant "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." 18 U.S.C. § 3572(d)(3).

B.   Analysis

Defendant does not provide, and the Court cannot find, any basis upon which to grant Defendant's Motion. Defendant does not meet any of the Section 3582 criteria that allow the Court to dismiss his fine as part of his sentence. Further, Defendant does not provide proof of any "material change" in his economic circumstances that would allow the Court to modify his schedule of payments. Defendant's statements that his wife is not working and that his "job is slow" are unsubstantiated and do not provide the level of detail for the Court to modify Defendant's schedule of payments. The latest information regarding Defendant's finances are contained in the November 22, 2016, Violation Report and Petition to Modify Conditions of Supervision [2], in which the Court increased Defendant's monthly fine payment due to his financial means. Defendant's Motion to Terminate Fine is denied.

4

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Paul Trammell Moore's *pro se* Motion to Terminate Fine [3] is **DENIED**.

**SO ORDERED** this 19th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE